ROBERT A. DOLINKO,  CA BAR NO. 076256
  e-mail:  radolinko@thelenreid.com
ELLEN M. PAPADAKIS,  CA BAR NO. 186621
  e-mail:  empapadakis@thelenreid.com
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3606
Tel. 415.371.1200
Fax 415.371.1211

Attorneys for Defendant
THE HERTZ CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KATHERINE BRENDT-BARNETT *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> HERTZ CORPORATION, <br> dba HERTZ RENT-A-CAR, <br><br> Defendant. | Case No.: C06-06027 MEJ <br><br> **ANSWER TO COMPLAINT** |

Defendant THE HERTZ CORPORATION (erroneously sued as "HERTZ CORPORATION") ("Defendant"), for itself alone, and in answer to the Complaint ("Complaint") of plaintiffs Katherine Brendt-Barnett and Barnabus Fairfield ("Plaintiffs"), admits, denies, and alleges as follows:

1.      In answer to the allegations of the paragraph entitled "Introduction," Defendant admits that it leases and operates its business at the five facilities identified therein ("the Subject Facilities").  Defendant admits further that Plaintiffs purport to plead this action as a claim for discrimination against persons with disabilities.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

2.      In answer to the allegations of paragraph 1 of the Complaint, Defendant admits that the Subject Facilities are "public facilities" and "public accommodations" within the meaning of state and federal disability access laws.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

3.      In answer to the allegations of paragraph 2 of the Complaint, Defendant admits that the Complaint purports to seek relief under the statutes identified in that paragraph.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

4.      In answer to the allegations of paragraph 3 of the Complaint, Defendant states that such allegations are vague, ambiguous, and unintelligible, such that Defendant is unable to respond to them.  Defendant states further that the allegation that "the Unruh Civil Rights Act and the Disabled [P]ersons Act incorporate the ADA" a conclusion of law that Defendant is unable to admit or deny.  Accordingly, and on those bases, Defendant denies the allegations set forth in this paragraph.

5.      In answer to the allegations of paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of such allegations, and, on that basis, denies the allegations set forth therein.

6.      In answer to the allegations of paragraph 5 of the Complaint, Defendant admits that Plaintiffs have properly alleged jurisdiction.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

7.      In answer to the allegations of paragraph 6 of the Complaint, Defendant admits that Plaintiffs have properly alleged venue.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

8.      In answer to the allegations of paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of such allegations, and, on that basis, denies the allegations set forth therein.

9.      In answer to the allegations of paragraph 8 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of such allegations, and, on that basis, denies the allegations set forth therein.

10.     In answer to the allegations of paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of such allegations, and, on that basis, denies the allegations set forth therein.

11.     In answer to the allegations of paragraph 10 of the Complaint, Defendant admits that it is a corporation and that it leases and operates its business at the Subject Facilities.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

12.     In answer to the allegations of paragraph 11 of the Complaint, Defendant states that such allegations are vague, ambiguous, and unintelligible, such that Defendant is unable to respond to them.  In particular, Defendant states that, because only one Defendant is named in the Complaint, it is nonsensical to allege that Defendant is engaged in a joint venture and common enterprise with "all DEFENDANTS."  Accordingly, and on that basis, Defendant denies the allegations set forth in this paragraph.

13.     In answer to the allegations of paragraph 12 of the Complaint, Defendant states that such allegations are vague, ambiguous, and unintelligible, such that Defendant is unable to respond to them.  In particular, Defendant states that, because only one Defendant is named in the Complaint, it is nonsensical to allege a conspiracy among "each DEFENDANT."  Accordingly, and on that basis, Defendant denies the allegations set forth in this paragraph.

14.     In answer to the allegations of paragraph 13 of the Complaint, Defendant states that such allegations are vague, ambiguous, and unintelligible, such that Defendant is unable to respond to them.  In particular, Defendant states that, because only one Defendant is named in the Complaint, it is nonsensical to allege that Defendant is engaged in a joint venture and common enterprise with "all DEFENDANTS."  Accordingly, and on that basis, Defendant denies the allegations set forth in this paragraph.

15.     In answer to the allegations of paragraph 14 of the Complaint, Defendant states that such allegations are vague, ambiguous, and unintelligible, such that Defendant is unable to respond to them.  In particular, Defendant states that, because only one Defendant is named in the Complaint, allegations regarding the purported capacities of "each DEFENDANT" are

nonsensical.  Accordingly, and on that basis, Defendant denies the allegations set forth in this paragraph.

16.     In answer to the allegations of paragraph 15 of the Complaint, Defendant states that such allegations are vague, ambiguous, and unintelligible, such that Defendant is unable to respond to them.  In particular, Defendant states that this paragraph makes allegations regarding a "FACILITY," though the term is undefined in the Complaint.  Defendant states further that, because the Subject Facilities include five separate locations, the "FACILITY" to which this paragraph purports to refer is unclear.  Accordingly, and on that basis, Defendant denies the allegations set forth in this paragraph.

17.     In answer to the allegations of paragraph 16 of the Complaint, Defendant states that such allegations are vague, ambiguous, and unintelligible, such that Defendant is unable to respond to them.  In particular, Defendant states that this paragraph makes allegations regarding a "FACILITY," though the term is undefined in the Complaint.  Defendant states further that, because the Subject Facilities include five separate locations, the "FACILITY" to which this paragraph purports to refer is unclear.  Accordingly, and on that basis, Defendant denies the allegations set forth in this paragraph.

18.     In answer to the allegations of paragraph 17 of the Complaint, Defendant states that such allegations are vague, ambiguous, and unintelligible, such that Defendant is unable to respond to them.  In particular, Defendant states that this paragraph makes allegations regarding a "FACILITY," though the term is undefined in the Complaint.  Defendant states further that, because the Subject Facilities include five separate locations, the "FACILITY" to which this paragraph purports to refer is unclear.  Accordingly, and on that basis, Defendant denies the allegations set forth in this paragraph.

19.     In answer to the allegations of paragraph 18 of the Complaint, Defendant states that such allegations are vague, ambiguous, and unintelligible, such that Defendant is unable to respond to them.  In particular, Defendant states that this paragraph makes allegations regarding a "FACILITY," though the term is undefined in the Complaint.  Defendant states further that, because the Subject Facilities include five separate locations, the "FACILITY" to which this

1   paragraph purports to refer is unclear.  Accordingly, and on that basis, Defendant denies the

2   allegations set forth in this paragraph regarding the "FACILITY."  Defendant states further that it

3   is without sufficient knowledge or information to form a belief as to the truth of the remaining

4   allegations set forth in this paragraph, and, on that basis, denies such remaining allegations.

5           20.     In answer to the allegations of paragraph 19 of the Complaint, Defendant states that

6   such allegations are vague, ambiguous, and unintelligible, such that Defendant is unable to

7   respond to them.  In particular, Defendant states that this paragraph (which consists of 5 pages of

8   allegations) alleges the existence of certain conditions at the Subject Facilities at "various dates

9   and times in 2006," although the dates are not identified.  As such, Defendant is without sufficient

10  knowledge or information to form a belief as to the truth of the allegations regarding the

11  conditions at the Subject Facilities or Plaintiffs' purported visits to such facilities at any particular

12  time and, on that basis, denies such allegations.  The remaining allegations set forth in this

13  paragraph are conclusions of law that Defendant is unable to admit or deny and, on that basis,

14  Defendant denies such remaining allegations.

15          21.     In answer to the allegations of paragraph 20 of the Complaint, Defendant states that

16  such allegations are vague, ambiguous, and unintelligible, such that Defendant is unable to

17  respond to them.  In particular, Defendant states that this paragraph makes allegations regarding a

18  "FACILITY," though the term is undefined in the Complaint.  Defendant states further that,

19  because the Subject Facilities include five separate locations, the "FACILITY" to which this

20  paragraph purports to refer is unclear.  In addition, Defendant states that it is without sufficient

21  knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs'

22  purported visits to any of the Subject Facilities.  Accordingly, and on those bases, Defendant

23  denies the allegations set forth in this paragraph.

24          22.     In answer to the allegations of paragraph 21 of the Complaint, Defendant is without

25  sufficient knowledge or information to form a belief as to Plaintiffs' purported "actual knowledge"

26  and, on that basis, denies such allegations.  Except as stated, Defendant denies the remaining

27  allegations set forth in this paragraph.

28

1    23.    In answer to the allegations of paragraph 22 of the Complaint, Defendant denies the

2    allegations set forth therein.

3    24.    In answer to the allegations of paragraph 23 of the Complaint, Defendant is without

4    sufficient knowledge or information to form a belief as to Plaintiffs' purported intent to visit the

5    Subject Facilities and, on that basis, denies such allegations.  Except as stated, Defendant denies

6    the remaining allegations set forth in this paragraph.

7    25.    In answer to the allegations of paragraph 24 of the Complaint, Defendant denies the

8    allegations set forth therein.

9    26.    In answer to the allegations of paragraph 25 of the Complaint, Defendant denies the

10   allegations set forth therein.

11   27.    In answer to the allegations of paragraph 26 of the Complaint, Defendant admits

12   that the Complaint purports to seek injunctive relief, though Defendant denies that such relief is

13   warranted.  The remaining allegations set forth in this paragraph are vague, ambiguous, and

14   unintelligible, such that Defendant is unable to respond to them, and, on that basis, Defendant

15   denies such allegations.

16   28.    In answer to the allegations of paragraph 27 of the Complaint, Defendant is without

17   sufficient knowledge or information to form a belief as to the truth of such allegations, and, on that

18   basis, denies the allegations set forth therein.

19   29.    In answer to the allegations of paragraph 28 of the Complaint, Defendant states that

20   such allegations are vague, ambiguous, and unintelligible, such that Defendant is unable to

21   respond to them.  In particular, Defendant states that this paragraph makes allegations regarding a

22   "facility," though the term is undefined in the Complaint.  Defendant states further that the

23   allegations set forth in this paragraph do not identify the time at which the conditions alleged

24   purportedly existed.  As such, Defendant is without sufficient knowledge or information to form a

25   belief as to the truth of the allegations regarding the conditions at the Subject Facilities at any

26   particular time.  Accordingly, and on the bases above, Defendant denies the allegations set forth in

27   this paragraph.

28

30.     In answer to the allegations of paragraph 29 of the Complaint, Defendant states that such allegations are vague, ambiguous, and unintelligible, such that Defendant is unable to respond to them.  In particular, Defendant states that this paragraph makes allegations regarding "facilities," though the term is undefined in the Complaint and Plaintiffs do not specify the Subject Facilities to which this paragraph's allegations purport to refer.  Defendant states further that the allegations set forth in this paragraph do not identify the time at which the conditions alleged purportedly existed.  As such, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the conditions at the Subject Facilities at any particular time.  Accordingly, and on the bases above, Defendant denies the allegations set forth in this paragraph.

31.     In answer to the allegations of paragraph 30 of the Complaint, Defendant admits that the minimum statutory damages awardable under Civ. Code § 52(a) is $4,000.  Defendant states further that it is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding purported beliefs of third parties, and, on that basis, denies the allegations set forth therein.  Except as admitted or otherwise stated herein, Defendant denies the remaining allegations set forth in this paragraph.

32.     In answer to the allegations of paragraph 31 of the Complaint, Defendant admits that the Complaint purports to quote from section 52(a) of the California Civil Code and states that the statute speaks for itself.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

33.     In answer to the allegations of paragraph 32 of the Complaint, Defendant admits that Plaintiffs purport to quote from *Botosan v. Paul McNally Realty*, 216 F.3d 827 (9th Cir. 2002), and states that the court's opinion speaks for itself.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

34.     In answer to the allegations of paragraph 33 of the Complaint, Defendant admits that the Complaint purports to seek damages and injunctive relief on behalf of Plaintiffs, but Defendant denies that such damages or injunctive relief are warranted.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

35.     In answer to the allegations of paragraph 34 of the Complaint, Defendant denies the allegations set forth in this paragraph.

36.     In answer to the allegations of paragraph 35 of the Complaint, Defendant denies the allegations set forth in this paragraph.

## FIRST CAUSE OF ACTION

37.     In answer to the allegations of paragraph 36 of the Complaint, Defendant incorporates, as if fully set forth herein, its response to each and every allegation contained in paragraphs 1 through 23, inclusive, of the Complaint.

38.     In answer to the allegations of paragraph 37 of the Complaint, Defendant admits that the Complaint purports to quote from section 54.1 of the California Civil Code and states that the statute speaks for itself.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

39.     In answer to the allegations of paragraph 38 of the Complaint, Defendant admits that the Complaint purports to quote from section 54.3 of the California Civil Code and states that the statute speaks for itself.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

40.     In answer to the allegations of paragraph 39 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations concerning Plaintiffs' purported disabilities, and, on that basis, denies the allegations set forth therein.  The remaining allegations of this paragraph are conclusions of law that Defendant is unable to admit or deny and, on that basis, Defendant denies such allegations.

41.     In answer to the allegations of paragraph 40 of the Complaint, Defendant states that the allegations of this paragraph are conclusions of law that Defendant is unable to admit or deny and, on that basis, Defendant denies such allegations.

42.     In answer to the allegations of paragraph 41 of the Complaint, Defendant denies the allegations set forth therein.

43.     In answer to the allegations of paragraph 42 of the Complaint, Defendant denies the allegations set forth therein.

44.     In answer to the allegations of paragraph 43 of the Complaint, Defendant admits that the Complaint purports to seek the relief specified therein, but denies that such relief is warranted.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

**SECOND CAUSE OF ACTION**

45.     In answer to the allegations of paragraph 44 of the Complaint, Defendant incorporates, as if fully set forth herein, its response to each and every allegation contained in paragraphs 1 through 33, inclusive, of the Complaint.

46.     In answer to the allegations of paragraph 45 of the Complaint, Defendant admits that Congress made certain findings in connection with the enactment of the Americans with Disabilities Act ("ADA"), and states that such findings speak for themselves.  The remaining allegations are conclusions of law that Defendant is unable to admit or deny and, on that basis, Defendant denies such allegations.

47.     In answer to the allegations of paragraph 46 of the Complaint, Defendant states that the Complaint purports to quote from section 12101(b) of the ADA, and states that the ADA, and Congress' stated purpose with respect thereto, speak for themselves.  The remaining allegations are conclusions of law that Defendant is unable to admit or deny and, on that basis, Defendant denies such allegations.

48.     In answer to the allegations of paragraph 47 of the Complaint, Defendant states that the allegations of this paragraph are conclusions of law that Defendant is unable to admit or deny and, on that basis, Defendant denies such allegations.

49.     In answer to the allegations of paragraph 48 of the Complaint, Defendant admits that the Complaint purports to quote from section 12182 of the ADA and states that the ADA speaks for itself.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

50.     In answer to the allegations of paragraph 49 of the Complaint, Defendant states that the allegations of this paragraph are conclusions of law that Defendant is unable to admit or deny and, on that basis, Defendant denies such allegations.

51.     In answer to the allegations of paragraph 50 of the Complaint, Defendant states that the allegations of this paragraph are conclusions of law that Defendant is unable to admit or deny and, on that basis, Defendant denies such allegations.

52.     In answer to the allegations of paragraph 51 of the Complaint, Defendant admits that the Complaint purports to quote from section 12181 of the ADA and states that the ADA speaks for itself.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

53.     In answer to the allegations of paragraph 52 of the Complaint, Defendant states that the allegations of this paragraph are conclusions of law that Defendant is unable to admit or deny and, on that basis, Defendant denies such allegations.

54.     In answer to the allegations of paragraph 53 of the Complaint, Defendant admits that the Complaint purports to quote from section 12188 of the ADA and states that the ADA speaks for itself.  Except as admitted herein, Defendant the remaining allegations set forth in this paragraph.

55.     In answer to the allegations of paragraph 54 of the Complaint, Defendant admits that the Complaint purports to seek the relief specified therein, but denies that such relief is warranted.  Except as admitted herein, Defendant denies the remaining allegations set forth in this paragraph.

## AFFIRMATIVE DEFENSES TO ALL CLAIMS

### FIRST AFFIRMATIVE DEFENSE

1.     The Complaint as a whole, and each claim for relief asserted therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Defendant is informed and believes, and based thereon alleges, that the Complaint, or parts thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

3.     Although Defendant denies that Plaintiffs have been damaged in any way, if it should be determined that Plaintiffs have been damaged, then Defendant alleges, based on information

1   and belief, that the proximate cause of such damage was the conduct of Plaintiffs or others for

2   which Defendant was not and is not responsible.

3                              FOURTH AFFIRMATIVE DEFENSE

4        4.   Defendant alleges, based on information and belief, that the Complaint, or parts

5   thereof, is barred because the accommodations sought by Plaintiffs are not required by law.

6                              FIFTH AFFIRMATIVE DEFENSE

7        5.   Defendant alleges, based on information and belief, that any and all relevant portions

8   of the Facilities are reasonably accessible to and usable by individuals with disabilities in

9   accordance with the Americans With Disabilities Act, and therefore Defendant is in compliance

10  with applicable law.

11                             SIXTH AFFIRMATIVE DEFENSE

12       6.   Plaintiffs may not recover compensatory or punitive damages as a matter of law.

13                             SEVENTH AFFIRMATIVE DEFENSE

14       7.   Defendant alleges, based on information and belief, that the Complaint seeks

15  accommodations and modifications of the facility that are excused by law because they are not

16  readily achievable, would fundamentally alter the nature of the goods and services offered and/or

17  would impose an undue hardship.

18                             EIGHTH AFFIRMATIVE DEFENSE

19       8.   Defendant alleges, based on information and belief, that at all times relevant to the

20  Complaint, Defendant had good faith defenses, based in law and/or fact, which if successful would

21  preclude any recovery by Plaintiffs based on the allegations of the Complaint.

22                             NINTH AFFIRMATIVE DEFENSE

23       9.   Although Defendant denies that Plaintiffs have been damaged in any way, if it

24  should be determined that Plaintiffs have been damaged, then Defendant alleges, based on

25  information and belief, that Plaintiffs have failed to mitigate their purported damages and further

26  allege that, to the extent any damages could have been mitigated, such sums should be deducted

27  from any award of damages.

28

1

### TENTH AFFIRMATIVE DEFENSE

2

10.   Although Defendant denies that Plaintiffs have been damaged in any way, if it should

3

be determined that Plaintiffs have been damaged, then Defendant alleges, based on information

4

and belief, that Defendant is entitled to have the amount abated, apportioned or reduced to the

5

extent that any other parties' actions caused or contributed to damage, if there were any.

6

### ELEVENTH AFFIRMATIVE DEFENSE

7

11.   Defendant alleges, based on information and belief, that the Complaint, and each

8

claim contained therein, is barred by the doctrines of estoppel and/or unclean hands.

9

### TWELFTH AFFIRMATIVE DEFENSE

10

12.   Defendant alleges, based on information and belief, that the Complaint is barred to the

11

extent that it seeks equivalent service, access and enjoyment of the Subject Facilities which is

12

excused by law because it is not readily achievable and/or alternative methods of accessibility are

13

available.

14

### THIRTEENTH AFFIRMATIVE DEFENSE

15

13.   Although Defendant denies that Plaintiffs have been damaged in any way, if it should

16

be determined that Plaintiffs have been damaged, then Defendant alleges, based on information

17

and belief, that such damages are reduced or barred by the doctrine of avoidable consequences.

18

WHEREFORE, Defendant prays:

19

1.      That the Complaint be dismissed;

20

2.      That Plaintiff take nothing by reason thereof;

21

3.      That judgment be entered in favor of Defendant;

22

4.      That Defendant be awarded its attorneys' fees and costs of suit; and

23

5.      For such other and further relief as the Court deems just and proper.

24

Dated:  October 25, 2006                    THELEN REID & PRIEST LLP

25

26

By _____/s/_____
    Ellen M. Papadakis
    Attorneys for Defendant
    THE HERTZ CORPORATION

27

28

1

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2          Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed

3   persons, associations of persons, firms, partnerships, corporations (including parent corporations),

4   or other entities (i) have a financial interest in the subject matter in controversy or in a party to that

5   proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

6   substantially affected by the outcome of this proceeding:

7          1.      Plaintiffs Katherine Brendt-Barnett and Barnabus Fairfield.

8          2.      Defendant The Hertz Corporation.

9

10  Dated:  October 25, 2006                    THELEN REID & PRIEST LLP

11                                        By _____/s/_____

12                                           Ellen M. Papadakis
                                            Attorneys for Defendant
13                                           THE HERTZ CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28